# Kansas City, Memphis & Birmingham R. R. Co. *v.* Thornhill.

*Action of Employee against Railroad Company to recover Damages for Personal Injuries.*

1. *Action against railroad company for personal injuries; sufficiency of complaint.*—In an action by an employee against a railroad company to recover damages for personal injuries, when a count of the complaint avers that at the time of the accident the plaintiff was in the service of the defendant as a section hand, and was under the control and management of a certain named person as foreman of the section gang, and that while in charge of a lever car upon which the plaintiff and the other section hands were riding, the said foreman negligently caused said car to be run to a certain point where they were met by a train on the defendant's road going in the opposite direction, and that the said lever car was stopped only a few yards in front of said train, and that although said train was advancing, the said foreman "negligently and recklessly or-

[Kansas City, Memphis & Birmingham R. R. Co. v. Thornhill.]

dered said plaintiff to remove said lever car from the track, which order the plaintiff was bound to obey and did undertake to obey, but without having time to understand and to realize the danger in so obeying, and in attempting to carry out said order and remove said lever car upon the track, he was struck by the engine" of said train, and sustained the injuries complained of, which injuries were the proximate result of the negligence of said foreman,—such count of the complaint is not subject to demurrer upon the grounds that its averments show that the plaintiff assumed the risk incident to the attempted obedience of the foreman's order, or that he was guilty of negligence contributing to his injury in attempting to obey such order.

2. *Same; same.*—In such a case, a count of the complaint which avers that the plaintiff's injuries were caused by the negligence of said foreman, to whose orders plaintiff was bound to conform and did conform, and his said injuries resulted from his so conforming, to-wit, that the said foreman "negligently ordered plaintiff to remove the said hand car from the track in front of a rapidly approaching train, and in attempting to do so was struck and injured," is not subject to demurrer upon the ground that its averments show that plaintiff was guilty of negligence which contributed to his injury.

3. *Same; sufficiency of plea of contributory negligence.*—In such an action where the defendant, by a special plea, sets up the contributory negligence of the plaintiff, and avers therein that the plaintiff was guilty of negligence which proximately contributed to his injuries, in that when the lever car and the locomotive of the approaching train had come within a very short distance, the plaintiff and the other persons on the lever car stopped the same and got off of it safely, and after getting off of said car, the plaintiff returned to the lever car and attempted to pull it from the track, knowing that the locomotive was rapidly approaching,—such plea does not aver facts which show that the plaintiff was necessarily guilty of negligence in his attempt to remove said hand car,

4. *Same; same.*—In such a case a special plea which avers that at the time the plaintiff undertook to remove the lever car from the track, he knew that the locomotive with the train attached was rapidly approaching and was within so short a distance that by the exercise of reasonable care, the said locomotive and train could not have been stopped before it struck said lever car, and that, therefore, the plaintiff assumed the risk of undertaking to remove said car, presents a false issue, and is subject to demurrer.

[Kansas City, Memphis & Birmingham R. R. Co. v. Thornhill.]

5. *Action against railroad company for personal injuries; when question of plaintiff's contributory negligence for the jury's determination.*—In an action against a railroad company by one who was at the time of the accident employed as a section hand, and who was injured while going to his work on a lever car, where there was evidence tending to show that while the plaintiff and the other section hands were on said car, going to their work, they discovered a train on the defendant's track going in the opposite direction, that when within a very short distance of said train the lever car was stopped, and while the plaintiff was in a safe position the foreman of the section hands directed the plaintiff and the other section hands to remove said car, and that while trying to remove said car in obedience to the orders of said foreman, as was their duty, the plaintiff sustained the injuries complained of, the question as to whether or not the plaintiff was guilty of negligence which contributed to his injuries, is one for the determination of the jury, and, therefore, the general affirmative charge requested by the defendant was properly refused.

5. *Same; same.*—In such a case it cannot be said as a matter of law that the failure of the plaintiff to keep an eye on the approaching train while he was attempting to remove the lever car in obedience to the foreman's order, was negligence; and a charge which instructs the jury that such failure on the part of plaintiff was negligence, is erroneous and properly refused.

6. *Action for personal injuries; charge of court in reference to measure of charges.*—In an action by an employee against a railroad company to recover damages for personal injuries, an instruction by the court to jury, in substance, that as to what should be the measure of damages, if the plaintiff should recover, is for the jury to say, and that the court can assist by saying "that in fixing the amount of damages, if you find for the plaintiff, you may take into consideration the evidence as to the physical pain and injury, if any, to the health of plaintiff, but in no event must the verdict exceed the amount claimed in the complaint," is erroneous and should not be given. (SHARPE, J., *dissenting.*)

APPEAL from the Law and Equity Court of Walker. Tried before the Hon. PEYTON NORVELL.

This action was brought by the appellee, J. A. Thornhill, against the Kansas City, Memphis & Birmingham R. R. Company, and seeks to recover $10,000.00 damages for personal injuries alleged to have been sustained by

the plaintiff, and to have resulted from the negligence of the defendant, or of its employees. As originally filed the complaint contained three counts, numbered 1, 2 and 3. Subsequently by amendment 5 other counts were added designated as counts A, B, C, D and E. The court sustained demurrers to counts numbered 1, 2, 3, and to count designated E, and during the trial of the case, after the introduction of the evidence, the court gave the general affirmative charge in favor of the defendant as to counts designated A. C. and D. It is, therefore, unnecessary to set out these counts, or the demurrers in reference thereto. After the demurrer was sustained to count numbered 1, the plaintiff amended said count, and there is presented among other questions for review on the present appeal, the rulings of the court upon demurrers to count numbered 1, as amended, and count designated B.

The first count as amended was in words and figures as follows:

"1st. The plaintiff claims of the defendant, a corporation, ten thousand dollars, for that heretofore on, to-wit, the 23d day of March, 1901, the defendant was operating, managing and controlling a certain railway, known as the Kansas City, Memphis & Birmingham Railroad through Walker County, Ala., that said defendant was running cars for the transportation of freight and passengers over said road in Walker County Ala., also was running lever or hand cars, for the purpose of keeping said road in repair. That on said date plaintiff was in the service of the defendant as a laborer, being a section hand, under one W. F. McAbee who was foreman and in the employ of defendant; that on said date while said McAbee was in charge of a certain lever or hand car and the plaintiff together with other section hands, that the said McAbee negligently caused said car to be run down a grade into a cut, around a curve, about one half mile east from the Kansas City, Memphis & Birmingham depot at' Jasper, and that in said cut and curve said lever car and section crew were met by a west bound locomotive, and that the lever car was stopped only a few yards in front of the said west

bound locomotive, whereupon the said McAbee negligently ordered the plaintiff and others to remove said lever car from the track; that although said west bound train was advancing, yet the said McAbee negligently and recklessly ordered said plaintiff to remove said lever car from the track, which order the plaintiff was bound to obey, and did undertake to obey, but without having time to understand and realize the danger in so obeying, and in attempting to carry out said order and remove said lever car from the track, he was struck by the engine of the west bound train which was being run by the servants of the defendant, and his legs, hips, back, head and other parts of the body were so bruised and mangled that he was caused to suffer great mental and bodily pain, and has been forced to lose a great deal of time, and that the injuries caused by the said accident are permanent and were proximate results of the negligence of said McAbee as aforesaid, to the damage of the plaintiff in the sum of $10,000.00."

Count B after averring that the defendant was operating a railroad, &c., and that plaintiff was in its employ as a section hand, and was injured while so employed by being struck by one of defendant's engines, then alleges the negligence complained of as follows: "Plaintiff alleges that his said injuries were caused by the negligence of W. F. McAbee, a person in the employ of defendant to whose orders plaintiff was bound to conform and did conform, and his said injuries resulted from his so conforming, to-wit: that said W. F. McAbee negligently ordered plaintiff to remove the said hand car from the track in front of a rapidly approaching train, and in attempting to do so plaintiff was struck and injured as aforesaid."

To the first count of the complaint as amended, the defendant demurred upon the following grounds: 1. For that the averments of said first count as amended show that the plaintiff was guilty of negligence which proximately contributed to his alleged injuries in this, that he undertook to remove the hand car from the track when it was only a few yards in front of the approaching or advancing locomotive or train. 2. For that the dan-

ger of undertaking to remove the hand car from the track in front of the approaching train was so obvious that, as averred in the count, it was recklessness on the part of the foreman to order the plaintiff to make such removal, and in the face of such obvious danger plaintiff ought not to have undertaken to remove the same. 3. The averments of the count show the plaintiff incurred the risk of an obvious peril, and that he assumed the risk of obeying an order recklessly given when it is not averred that he was not aware of or he did not know the facts which made said order a reckless order. 4. There is no averment of any fact or facts that would have excused the plaintiff from the exercise of that care and prudence, to avoid his alleged injury, a reasonably prudent man would have exercised, under circumstances similar to those by which plaintiff was surrounded when he undertook to obey the alleged order of the foreman. 5. The averments of the count show that the plaintiff's injuries were caused proximately by the negligence of the plaintiff in remaining on or dangerously near the track after and when a reasonably prudent man would have left the track and desisted from the effort to remove the hand car therefrom.

To count B the defendant dumurred upon the following grounds: "1. For that it appears from the averments of said count that the plaintiff's own negligence proximately contributed to his alleged injuries. 2. For that it appears from the averments of said count that the plaintiff assumed the risk of obeying the order alleged to have been given to him by W. F. McAbee. 3. For that said count is repugnant and inconsistent in this, it is averred that plaintiff was bound to conform and did conform to an order alleged to have been given to him by W. F. McAbee, and other averments in said count show that plaintiff was not bound to conform to or obey such order."

The demurrers to counts No. 1 as amended, and B were overruled. Thereupon the defendant pleaded the general issue and the following special pleas:

"2. And for further answer to the complaint and each count thereof, separately and severally, the defend-

ant says that the plaintiff was, himself, guilty of negligence which proximately contributed to his said injuries, and that his said negligence consisted in this, to-wit: That the plaintiff was upon a hand car or lever car going in an opposite direction to a train drawn by a locomotive on the track of defendant, and when the car and the locomotive had approached each other to within a very short distance, plaintiff, and others upon the lever car, stopped the same and got off of it safely, and after getting off of it, plaintiff *negligently* returned to the lever car and attempted to pull it from the track well knowing that the said locomotive was rapidly approaching when he took hold of said car.

"3. And for a further answer to the complaint, and to each count thereof, separately and severally, the defendant says that the plaintiff, after getting off of said lever car and getting to a place of safety, attempted to cross the track in front of the rapidly moving train, well knowing that the train was approaching rapidly, and that he was thereby guilty of negligence which proximately contributed to his alleged injuries.

"4. And for a further answer to the complaint, and to each count thereof, separately and severally, the defendant says, that the plaintiff undertook to move from the track the lever car, well knowing that the locomotive with train attached, was rapidly approaching and was at the time he took hold of the car, within a very short distance of him, and within such a short distance that by the exercise of reasonable care the said locomotive could not have been stopped before it struck said lever car, whereby defendant says that the plaintiff assumed the risk of undertaking to move the said car.

"5. And for a further answer to the said complaint and each count thereof, separately and severally, the defendant says that the plaintiff was guilty of negligence which proximately contributed to his alleged injuries, and the defendant avers that such contributory negligence consisted in this: the plaintiff *negligently* went upon or dangerously near to the track of the defendant in front of a rapidly approaching train and was there struck."

To plea numbered 2, the plaintiff demurred upon the following grounds: 1. The said plea fails to show that plaintiff was guilty of any negligence after the engineer saw him. 2. The said plea fails to show plaintiff was guilty of any negligence which contributed to his injury after the engineer became aware of his perilous condition. 3. The said plea is no answer to the count "B" of the complaint in that it fails to show that the danger to plaintiff was obvious in attempting to pull said lever car from the track. 4. The said plea is no answer to count "B" of the complaint in that it fails to show that the plaintiff did not act as a man of ordinary prudence in attempting to pull said hand car from the track. 5. The said plea is no answer to count number 1 of the complaint in that it fails to show that plaintiff was negligent in executing the order of said McAbee. 6. The said plea is no answer to count No. 1 of the complaint in that it fails to show that plaintiff's conduct in attempting to execute said order was not under the circumstances that of a reasonably prudent man.

To pleas numbered 3 and 5, the plaintiff demurred upon the following grounds: 1. Said plea does not allege that the injury was the proximate result of the acts set up in said plea. 2. Said plea does not allege that plaintiff's injury was caused by the attempt to cross the track. 3. Said plea does not deny nor confess and avoid the allegations of count one or of count B. 4. Said plea does not state facts showing that plaintiff took a position of obvious peril to men of ordinary prudence.

To plea numbered 4 the plaintiff demurred upon the following grounds: 1. Said plea does not allege that the locomotive could not have been slowed down to give plaintiff time to remove the car by the use of proper preventive means at the command of the engineer. 2. Said plea does not allege that plaintiff was guilty of any negligence that contributed proximately to his injury. 3. Said plea does not allege that plaintiff caused his injury by reason of taking hold of the hand car. 4. Said plea is no answer to the charge that plaintiff came to his injury while obeying an order that he was bound to obey without the opportunity of knowing and reali-

zing the peril of so obeying. 5. No sufficient facts are stated in the plea to show that plaintiff assumed the risk.

The court overruled the demurrer to plea number 3, but sustained the demurrers to pleas numbered 2, 4 and 5. After this ruling the defendant amended pleas numbered 2 and 4 by inserting the word "negligently," which is italicised in said pleas as copied above. The defendant then also asked leave of the court to amend its special plea No. 4 by adding after the words "struck said lever car" the following words: "Defendant avers that the danger to plaintiff in undertaking to remove from the track said lever car was so great that a man with ordinary prudence would not have voluntarily incurred it." The court refused to allow this amendment, and to this ruling the defendant duly excepted. The cause was tried upon issue joined on said pleas, as shown above.

The evidence introduced on the trial shows, without conflict, in substance, that on the morning of the 23d of March, 1901, the plaintiff was hurt about a mile and a quarter east of Jasper, on the defendant's railroad; that at the time he was hurt he was a section hand on said railroad, in the employment of the defendant, and McAbee was his foreman; that he was hurt between six and seven o'clock, in the morning; that he and other section hands under McAbee, and McAbee also, were proceeding east on a hand-car or lever-car, when they saw a train approaching from the east going west; that at the place where they met the west bound train there was a curve and cut, the cut being about ten feet deep, and it was fifty yards through it; that it was down grade in the cut going west; that when plaintiff and those on the hand-car first saw the approaching train it was about two "telegraph posts" from them, the distance between the posts being differently estimated by the witnesses; that when they saw the approaching train McAbee gave orders to stop the hand-car, and they did stop it, and all of them got off of the hand-car; that at the time they got off the hand car the west bound train was very near to the hand-car, and was running fifteen

or twenty miles an hour; that so soon as the engineer saw the hand-car on the track, he applied the air brakes and reversed his engine, and did all he could to stop his train, and did stop his train a few car lengths beyond the place where the engine struck the hand car and hit the plaintiff; that so soon as the hand car was stopped and the plaintiff and the others on the hand car got off, instead of leaving the hand-car on the track and seeking safety by flight, the plaintiff and some of the other hands on the car attempted to get the hand-car off the track, and while so attempting, the plaintiff was injured by being struck by the engine, or by being struck by the hand-car propelled against him by the engine. The evidence is in conflict as to whether McAbee ordered the plaintiff and the other section hands to take the car off the track; the evidence on behalf of the plaintiff, including his own, tending to show that he did give the order, while that introduced on behalf of the defendant tended to show that he did not give the order. The plaintiff's own testimony as well as that of his other witnesses, shows that he did get off the car before the car was struck by the engine, and could have saved himself as the other hands with him saved themselves, by running up the embankment.

Among the several portions of the court's general charge, to which the defendant separately excepted, was the following: "But if from the evidence you believe that by the negligence of the defendant, the plaintiff was placed in a position in which he was suddenly confronted with extreme and eminent peril, necessitating to his extrication quick decision and action on his part, he will not be held to the same correctness of judgment and action, as if he had time and opportunity to fully consider the situation, and to choose the best means of escaping the peril, or, in other words, adopting the formulation of a principle which has been approved by the law, whereby the negligence of the defendant, or those for whom it is responsible, the plaintiff has been suddenly placed in a position of extreme peril, and thereupon does an act which under the circumstances known to him you might reasonably think proper, but

which those who have a knowledge of all the facts and time to consider them, was able to see was not in fact the best, the defendant cannot insist that under these circumstances, the plaintiff has been guilty of negligence."

Among the many charges requested by the defendant, and to the courts refusal to give each of which, the defendant separately excepted, was the following: "(N.) If the jury believe from the evidence that the hand car was stopped within one hundred and fifty yards of the hand-car from the approaching engine with a train attached, and plaintiff attempted to remove the hand-car without looking to see how close the engine was approaching to the hand-car while attempting to remove the hand-car, then plaintiff is guilty of contributory negligence, and cannot recover, although you may believe that W. F. McAbee, foreman, ordered plaintiff and others to remove the hand car."

The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment in favor of the plaintiff, assessing his damages at $7,500.00. The defendant appeals and assigns as error the rulings of the trial court upon the pleadings and the other many rulings of the trial court, to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL and WALKER, for appellant.—It is manifest from the record that plaintiff returned to the car for the purpose of saving the car from wreck; in other words, for the purpose of saving personal property from destruction. Under such circumstances, he cannot be excused from his reckless negligence. Such an action on his part merely to save property is *per se* negligence.—*Eckert v. L. I. R. Co.*, 143 N. Y. 502; *Pike v. Grand Trunk R. Co.*, 39 Fed. Rep. 255; *Morris v. Lake Stone R. Co.*, 148 N. Y. 182; *Cook v. Johnston*, 55 Amer. Rep. 703.

Again, if a party, by his own negligence, has placed himself in peril and in a sudden exigency mistakes his best course, through an error in judgment, he is not thereby relieved from the original negligence, if it contributes to cause injury to another.—*Schneider v. Second*

15

[Kansas City, Memphis & Birmingham R. R. Co. v. Thornhill.]

*Ave. R. R. Co.* 133 N. M. 580; *Austin v. N. J. Steamboat Co.,* 43 N. Y. 75. The fact that a person is in an alarming and exciting situation at the time of an injury will not reduce the degree of care requisite for him to exhibit to avoid the injury, if he is in such situation wrongfully or because of his own negligence.—*Lucas v. New Bedford R. R. Co.,* 66 Am. Dec. 406. The rule that a person in a position of danger is not responsible for a mistake of judgment in getting out, is subject to the qualification that he must have gotten into danger without negligence or fault of his own.—*Aiken v. R. R. Co.,* 130 Penn. St. 380; *Nashville etc. R. R. Co. v. Smith,* 9 Lea (Tenn.) 470; *Covington etc. R. Co. v. Ware,* 84 Ky. 267.

It has been held that although a person is not responsible for error of judgment when, without his fault, he is placed in a position of danger, he is not thereby relieved from the effect of his own negligence if by it he was brought into such danger.—*Aiken v. Penn. etc. R. R. Co.,* 130 Penn. St. 38; *Chicago etc. R. R. Co. v. Halsey,* 133 Ill. 248; *Abend v. Terre Haute R. Co.,* 111 Ill. 203; *Noyes v. Southern R. Co.,* 24 Pac. Rep. 927. In *Richmond and Danville R. R. Company v. Farmer,* 97 Ala. p. 145, this court again says, touching this same principle: "The proper inquiry is, considering his surroundings at the time, *did he exercise such reasonable care and due diligence as would be expected of a prudent and reasonable man.*"—*McCauly v. Tenn. Coal, Iron & R. R. Co.,* 93 Ala. 357; *Louisville & Nashville R. R. Co., v. Orr,* 121 Ala. 500.

ACUFF & ACUFF, S. LACEY and COLEMAN & BANKHEAD, *contra.*—Counts Nos. 1 and B as amended were not subject to demurrers interposed to them. These counts are framed under the line of authorities now well established that where by the negligence of the defendant the plaintiff has been suddenly placed in a position of extreme peril, and thereupon does an act which under the circumstances known to him he might reasonably think proper, but which those who have a knowledge of all the facts, and time to consider them, are able to see was not in fact the best, the employer cannot insist that

under the circumstances the plaintiff has been guilty of negligence. "Perfect presence of mind, accurate judgment and promptitude under all circumstances, are not to be expected."—*Woodward Iron Co., v. Andrews,* 114 Ala. 258; *Central of Ga. R. R. Co. v. Foshee,* 125 Ala. 215; *Richmond & Danville R. R. v. Farmer,* 97 Ala. 141; *Government Street R. R. v. Hanlon,* 53 Ala. 77; *Bessemer Land & Imp. Co. v. Campbell,* 121 Ala. 50.

Plea seeking to set up contributory negligence on the part of the plaintiff was defective, and the demurrers thereto were properly sustained. When the plea is construed in connection with the allegations of the complaint showing that plaintiff was suddenly placed in a position of extreme peril through the negligence of defendant and without time to realize and understand the danger of so doing he attempted to obey the order of his superior, it is more apparent that the facts set up in this plea do not constitute a sufficient answer to the count. It is not necessary to aver affirmatively that plaintiff exercised due care.—*Mary Lee C. & Ry. Co. v. Chambliss,* 97 Ala. 171. The mere fact that plaintiff knew the undertaking to be dangerous (and this is not averred in the count) without regard to the danger apparent would not impute to him contributory negligence. *Southern Ry. Co. v. Guyton,* 122 Ala. 231.

The plaintiff had the right to expect more than the exercise of reasonable care in stopping the locomotive. It was the duty of the engineer to use all preventive means at his command to stop the train.—*Central of Georgia R. R. v. Foshee,* 125 Ala. 215; *Woodward Iron Co. v. Andrews,* 114 Ala. 243; *Bessemer Land Imp. Co. v. Campbell,* 121 Ala. 60; *Richmond & Danville R. R. v. Farmer,* 97 Ala. 141.

The rulings of the court upon the charges were free from error. The charge on the measure of damages as corrected was a correct statement of the law. Physical pain and injury to health is a proper consideration in fixing the amount and the law can fix no standard to measure and compensate for it in money.—*Montgomery & Eufaula R. R. v. Mallette,* 92 Ala. 217.

McCLELLAN, C. J.—The assignments of demurrer to the first count of the complaint do not go to the deficiency of its averments in respect of McAbee's dominance of the plaintiff in the service of the defendant. It does appear by the count that McAbee was the foreman and that plaintiff was under him, and that this relation between them existed in the service of the defendant, and, further that plaintiff was bound to obey the alleged negligent order of McAbee. If it were supposed that the count should have alleged McAbee's particular foremanship, the scope of it, and plaintiff's relation to such foremanship, or that the count should have averred that plaintiff was "bound to conform and did conform to" McAbee's orders, the demurrer should have pointed out these defects.

We are not of opinion that the averments of count 1 show either that Thornhill, the plaintiff, assumed the risk incident to attempted obedience of McAbee's order, whereby he was injured, or that he was guilty of negligence, contributing to his injury, in attempting to obey the order. The first proposition, that he did not assume such risk, is satisfactorily supported by the reasoning and authority of the case of *Schroeder v. Chicago & Alton Railroad Co.,* (Mo.) 18 L. R. A. 827.

Upon the other question, viz., whether the count shows contributory negligence on Thornhill's part, several considerations are pertinent. In the first place, the act of McAbee in giving the order and the attempt of Thornhill to obey it, are not to be judged in respect of negligence *vel non* by the same standards. McAbee had more time and better opportunity to consider whether he would or should give the order than Thornhill had after it was given to determine whether he would enter upon its execution. Then, too, though the danger of attempting to obey the order may be conceded to be shown by the count to have been apparent to Thornhill as well as to McAbee, it cannot be said as matter of law to have been so obvious and imminent upon the facts averred as that no prudent man would have made the attempt, according, even in the face of such danger, something to

Thornhill's duty and habit of obedience; something to the lack of time for him to consider the situation and to determine his action advisedly, especially as this sudden emergency was itself the product of McAbee's negligence; something to his probable and not unreasonable asumption that McAbee would seasonably warn him from the attempt, and yet something more to his probable belief that the removal of the car from the track was necessary for the safety of the trainmen—a consideration which might justify his making and persisting in the attempt to any extent short of rashness, but which, we apprehend, would not avail to acquit McAbee of negligence in giving the order, for whether such extreme risk should be taken to save human life, would seem to be a question personal to the man who is to take or to avoid it. On these considerations we are come to the conclusion that the first count does not show that the plaintiff was guilty of contributory negligence barring a recovery.—*Louisville & Nashville Railroad Co. v. Orr*, 121 Ala. 489, 500; *Southern Ry. Co. v. Guyton*, 122 Ala. 231; *Roll v. Northern Central Ry. Co.*, 15 Hun. 496; *Schroeder v. C. & A. R. R. Co.*, 18 L. R. A. 827; *Stephens v. H. & St. J. R. R. Co.*, 96 Mo., 207.

Some of the foregoing considerations apply with like force and effect to count B, and lead to the same conclusion, that that count is not open to the objection that it showed contributory negligence by plaintiff.

We attach no importance to the use of the word "recklessly" in conjunction with the word "negligently," in characterizing McAbee's order, in the first count, nor to the omission of that word from count B. It would no more follow on the facts averred that Thornhill was reckless because of the averment that McAbee was reckless than that the former was negligent because it is averred that the latter was negligent. The use of the two words may, indeed, be taken to mean only negligence.—*Kansas City, Memphis & Birmingham Railroad Co. v. Crocker*, 95 Ala. 433.

We have stated our opinion, and the grounds of it, to the effect that plaintiff was not necessarily guilty of negligence in his attempt to remove the hand car

for that he knew the train was near and approaching, and this conclusion covers also the action of the court in sustaining the demurrer to the 2d plea.

Plea 4 presents a false issue, in a sense. It was not a question whether the train could be stopped before it reached the point where the hand car was: there was no pretence that it could; but the question was whether there was such probability or possibility of removing the hand car from the track before the train reached that point as justified the attempt to remove it. For the rest, what is said of plea 2 applies also to this plea, and to plea 5.

Pleas 2 and 5 as amended, and plea 3 which the court held good, fully presented the defense of contributory negligence in Thornhill's undertaking to remove the hand-car, and, therefore, defendant was not prejudiced by the disallowance of its proposed amendment of plea 4, which would have converted that plea also into one of contributory negligence. Moreover, the proposed amendment would have rendered the plea bad for duplicity, had it been otherwise a good plea: as amended it would have set up both assumption of risk and contributory negligence; and furthermore the amendment was properly disallowed, all other considerations aside, under section 33 of the act "To establish the Walker County Law and Equity Court." Acts, 1900-1901, p. 121.

On the evidence adduced at the trial, Thornhill was not in a position of peril to himself when he received the order to remove the hand car from the track and determined upon attempting to execute that order. That order was given after the hand car had been stopped and after Thornhill along with the other members of the crew had got off of it, and when he and they were standing on or near the track about the car. In this position, he had merely to step aside to avoid all danger from the approaching train. The train was then one hundred and fifty yards away, affording ample time for him to get entirely out of all danger from it. That he could do so was perfectly obvious to the perceptions and comprehension of any man in his senses. He was not hurt in consequence of being at that time in that position, but

in consequence of going and remaining on the track in an effort to remove the car therefrom. He was not hurt in an effort to extricate himself from peril, but in an effort to conserve the safety of defendant's property and trainmen. He was not put to a sudden choice of means, harried and confused the while by a sense of his own peril, to save himself; but only to a sudden decision whether he would incur the risk of attempting to obey McAbee's order, or would avoid all risks by disobeying it. He had escaped all the danger to himself growing out of McAbee's negligence in running the hand car on the time of an approaching train going in the opposite direction without safe guard against collision, and was in a place of safety in respect of such threatened collision. From this coigne of vantage, he entered upon a course involving a new risk—not the risk of the running car with him on it colliding with the train, but the risk of removing the car after he had gotten clear of it. · The "doctrine fully approved by this court to the general effect that where the party injured was suddenly placed by the wrong of the defendant in a position of extreme and imminent peril necessitating to his extrication quick decision and action on his part, he will not be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation and to choose the best means of escaping the peril; or, in other words, * * * * where by the negligence of the defendant, or those for whom he is responsible, the plaintiff has been suddenly placed in a position of extreme peril, and thereupon does an act which under the circumstances known to him he might reasonably think proper, but which those who have a knowledge of all the facts, and time to consider them, were able to see was not in fact the best, the defendant cannot insist that under the circumstances the plaintiff has been guilty of negligence," (*Woodward Iron Co. v. Andrews*, 114 Ala. 243), does not apply to the facts of this case. To the contrary, but for considerations to be presently adverted to, the principles declared in *Central of Georgia Ry. Co. v. Foshee*, 125 Ala. 199, 215, 216, would apply to the case at bar. It was there said: "The intestate when she started

upon the act [crossing the track in front of an approaching train] which cost her her life, was not in a position of peril, extreme or otherwise. She was, to the contrary, in an absolutely safe position. And not only was it safe in point of fact, but it was obviously so to the perception and comprehension of any ordinary man. Any ordinary man or woman standing as she was by the side of the track and out of the way of the approaching locomotive when she saw the train * * * * would have known that that was a place of safety and would have had no hesitation or doubt as to the propriety of remaining there. * * * * * * * * * As no man of ordinary care and prudence would have attempted to rush from a place of safety across the track in front of this locomotive, the act must be held negligent and rash on the part of the intestate. It is of no consequence that she was panic stricken and hence thought she was in danger and that that was her only means of escape. She must have been in danger —which she was not—and she must have reasonably thought the course she took was the best—which she could not have done since there was no ground for so thinking. The plaintiff can not hold the defendant responsible for the results of her unwarranted panic." The considerations which prevent the application of the doctrine of the *Foshee case* to the case at bar, and which yet do not prevail to bring it within the *Woodward Iron Co. v. Andrews case*, are that Thornhill was ordered by his superior to remove the car, that he might reasonably have expected McAbee would warn him to desist from that effort in time to escape injury; that defendant's property and the lives of defendant's trainmen were in danger; that it was his duty to conserve the safety of the trainmen and of the property if the car could be removed with safety to himself; that to save the trainmen from the dangers of a collision and the possibly consequent derailment and wreck of their train he was justified in taking extra hazards, and that he had to determine upon the instant whether he would enter upon the execution of the order. These considerations made the question of his negligence *vel non* in going from a safe position into the dangerous one where he received his injuries one for

the jury's determination, one upon which the court could not give the affirmative charge for the defendant, as this court held should have been given in the *Foshee-case*, and therein lies the difference between the two cases. But, as we have said, these considerations do not avail to make a case within the doctrine of *Woodward Iron Co. v. Andrews*. There was danger here, but it was not danger to the life or limb of Thornhill. He was not put suddenly, by defendant's fault or otherwise, to decision and action to his own extrication from peril, because he was in no peril. But there was suddenness of danger to property and to the lives of others. There were calls upon him to avert that danger. To avert it immediate decision whether he would respond to these calls, and immediate action, if any action could avail, was necessary. All these circumstances were for the jury's consideration in arriving at a conclusion whether he was guilty of negligence. But, we repeat, none of them, nor all of them combined, nor anything other in the evidence, presents a case for the application of the principle that one placed by the fault of another in a position of extreme and imminent peril, and under necessity to instantly choose his course and act, cannot be held to the same correctness of decision and action as one who knows all the facts and has time to consider them unharried by his own peril. And yet it was this principle, couched in the language of its formulation in the *Andrews* and *Foshee* cases, that the court gave in charge to the jury as that upon which the issue of contributory negligence presented by the pleas to count 1 was determinable, and afterwards refused an instruction requested by the defendant that "the principle of law the court in its oral charge to the jury referred to as to one being placed in sudden peril by the negligence of the defendant, or of those for whose acts the defendant is responsibe had no application to the first count of the complaint." The court should not have so instructed the jury in its oral charge. But having done so, it should have corrected itself by giving this charge requested by the defendant. Its refusal was error.

The affirmative charges requested by the defendant as to counts 1 and B—all other counts going out by demurrer or charges—(among which may be reckoned many requests which were in effect, but not in form, general affirmative charges) which were asked on the theory that the evidence showed without conflict that the plaintiff was guilty of negligence proximately contributing to his injury, were properly refused on considerations already adverted to: it was a question for the jury whether a man of ordinary care and prudence would have attempted to remove the hand car from the rails under all the circumstances.

Assuming that the issue of negligence *vel non* on the part of plaintiff in not *desisting from* the effort to remove the car in time to avoid being struck by the train was presented by the pleas of contributory negligence— as to which, *quaere So. Ry. Co. v. Shelton*, 136 Ala. 191 —the substance of the charge bearing on that issue, refused to defendant, was embodied in other instructions given at defendant's request.

Charge N refused to defendant is somewhat confused in language. But apart from that consideration it was properly refused. It cannot be said as a matter of law that the failure of Thornhill to keep an eye on the approaching train while he was attempting to remove the hand car was negligence. The act he was upon was of such exigent nature, necessitating such immediate action, that, having in mind the position of his body with reference to the train, the jury might have concluded that it was not negligence in him to give his whole attention to the doing of it looking to McAbee for timely warning to desist.

In its general charge, given of its own motion, the court instructed the jury as to the measure of damages in these words only: "What the measure of damages, if any, is for you to say; in this the court can give you no assistance." To this the defendant excepted at the conclusion of the charge, and thereupon, the court said this more to the jury: "Now, gentlemen of the jury, I desire to make a correction as to a part of the charge which I gave you as to the measure of damages. I said

that what the measure of damages is, is for you to say; that in that the court could give you no assistance. I will correct this by saying: I charge you that in fixing the amount of damages, if you find for the plaintiff, you may take into consideration the evidence as to physical pain, and injury, if any, to the health of the plaintiff, but in no event must your verdict exceed the amount claimed in the complaint." The original statement of the judge and his correction were both before the jury. Written into each other the instruction is this: "What the measure of damages, if any, is for you to say. The court can assist you by saying that in fixing the amount of damage, if you find for the plaintiff, you may take into consideration the evidence as to physical pain and injury, if any, to the health of plaintiff, but in no event must the verdict exceed the amount claimed in the complaint." The manifest tendency of this charge was to lead the jury to conclude that the only limitation upon the amount of their verdict was the sum stated in the complaint, and that within that figure they were free to find any amount regardless of all consideration of the damages actually sustained by the plaintiff. The jury should have been instructed to find from the evidence a sum which, in their judgment, would compensate the plaintiff for the injuries he suffered, not in excess of the amount claimed. Instead, they might well have concluded that they could return any amount their caprice might suggest, not beyond the complaint, without reference to the evidence. The original instruction should not have been given, and it was not helped by the attempted correction.

Reversed and remanded.

SHARPE, J., concurs in the result, but does not agree that there is any impropriety in the charge with reference to the measure of damages.