**ALABAMA POWER CO. v. CONINE et al.**
**(5 Div. 905.)**

(Supreme Court of Alabama. May 28, 1925.)

**1. Electricity ⬥⟿19(2)—Counts based on negligent absence of defendant's agent held demurrable.**

In an action for death from a charged wire hanging close to ground, counts based on negligence of defendant's agent in being absent from scene of injury, and in failing to protect against danger, were demurrable; it not appearing said agent's duties required his presence, or that if on the scene he would have had any reason to apprehend or anticipate occurrence causing injury.

**2. Electricity ⬥⟿19(8)—Negligence of defendant's superintendent as proximate cause of injury held for jury.**

In an action for death from charged electric wire, *held*, it was a question for jury whether defendant's superintendent was guilty of negligence proximately causing death of deceased by permitting dangerous conditions caused by a fallen charged wire to exist.

**3. Electricity ⬥⟿19(12) — Whether deceased seized wire contemporaneously with defendant's superintendent held for jury.**

In an action for death from a charged electric wire, *held*, under the evidence, that whether deceased seized wire before or contemporaneously with defendant's superintendent, or afterwards for purpose of rescuing him, was a question for jury.

**4. Electricity ⬥⟿19(12)—Contributory negligence held for jury.**

In an action for death from charged electric wire, it was a question for the jury, under the evidence, whether the deceased was conscious of the danger when he took hold of the wire, and was guilty of contributory negligence in so doing.

**5. Electricity ⬥⟿19(2)—Replication, alleging injury in attempt to rescue another, demurrable for failure to allege defendant's negligence.**

In an action for death from charged wire, plaintiffs' replication to defendant's pleas, alleging that deceased seized wire to rescue another, *held* demurrable as failing to allege negligence on part of defendant toward deceased or party he attempted to rescue.

**6. Negligence ⬥⟿74—One attempting rescue of another in peril not negligent.**

Where one risks his own life in the rescue of another in peril, he is not thereby charged with contributory negligence as a matter of law, providing the attempt is not recklessly or rashly made.

**7. Negligence ⬥⟿74—One attempting rescue not relieved of contributory negligence, where rescued's negligence caused peril.**

One attempting a rescue is not relieved of contributory negligence, if peril of person sought to be rescued was produced by his negligence, and defendant was not guilty of negligence toward him.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action for damages by Alberta G. Conine, administratrix, and J. J. Langley, administrator of the estate of W. M. Conine, deceased, against the Alabama Power Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

See, also, 207 Ala. 435, 93 So. 22; 210 Ala. 320, 97 So. 791.

---

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Count 9 contains this averment:

"Plaintiffs aver that the death of their said intestate was proximately caused by reason of the negligence of the defendant, by its servants, agents, or employés, to wit, one J. M. Barry, who was in the service and employment of the defendant, who was in charge of the management of the business of the defendant at Camp Hill on the 9th day of August, 1919, and whose duties were the management and control of said business of the defendant at said place on said date, was not at the place where said wires of the defendant were down on the ground in a public street of said town of Camp Hill, Ala.; that said wires were on or near to the ground near enough to the ground for persons passing along said street to come in contact with said wires; that for five or six hours, during the time said wires were down on or near to the ground in said street, they were and remained charged with a dangerous voltage of electricity, so that persons coming in contact with said wires were liable and likely to be killed, and that, during the time said wires were so on or near the ground charged with a dangerous voltage of electricity, the said J. M. Barry did not take any action to remove said wires or to place them where there would not be any danger from them, but remained away from where said wires were down, and was not even there while they were so down on or near the ground, did not go to said wires during the five or six hours they were down and on or near the ground and plaintiffs' intestate came in contact with said wire while the same was down on or near the ground and was killed thereby."

Count 10 avers:

"Plaintiffs aver that the death of their said intestate was proximately caused by reason of the negligence of the defendant, by its servants, agents or employés, in this, that one or more of the defendant's said electric wires had become detached from the pole on which it was supported, by being burned in two or by being cut, about 1 or 2 o'clock in the morning of August 9th, 1919, so that it fell and was on or near the ground, being sufficiently near to the ground at said place for persons passing along said street to come in contact with said wire; that said wire was charged with a dangerous voltage of electricity and so remained until about 7:30 or 8 o'clock of said 9th day of August, 1919; that, notwithstanding said danger to persons passing along said street, defendant's servant, agent, or employé, J. M. Barry, who was in the service and employment of the defendant, who was in charge of the management of the business of the defendant at Camp Hill, Ala., on the 9th day of August, 1919, and whose duties were the management and control of said business of the defendant at said Camp Hill, Ala., on said date, was not at said place where said wires were so down; that the said J. M. Barry was not in the town of Camp Hill, Ala., during said time that said wires were so down on or near the ground on said street in said town of Camp Hill, Ala.; that the said J. M. Barry took no action whatever to remove said wires from said street or from their position in which they were dangerous to persons passing along said street, or to cut off said current of electricity from said wires, but permitted said wires to remain on or near the ground on said street in said town, and to remain charged with a dangerous current of electricity until plaintiffs' intestate came in contact with one of defendant's said wires while it was in said position and was thereby killed."

These, among other grounds of demurrer, were assigned to counts 9 and 10:

"(1) The said count fails to show a substantial cause of action."

"(4) Said cause is not certain to a common intent."

"(5) Said count is confused and misleading so that the defendant cannot determine what it is called to answer."

Plaintiffs' replication 2 to defendant's pleas 3 and A is as follows:

"(2) For further replication to said pleas, separately and severally, plaintiffs say that plaintiffs' intestate seized said wire in order to rescue one Rogers who had hold of said wire and was being shocked, and was in danger of losing his life; that plaintiffs' intestate incurred such risk and exposure in an effort to save the life of said Rogers; that plaintiffs' intestate, immediately before seizing said wire, saw the said Rogers exposed to said sudden peril; that thereupon plaintiffs' intestate, holding a piece of paper in his hand, seized said wire with said piece of paper under the reasonable belief that said paper would serve as a protection against the electric current in said wire, it reasonably appearing to plaintiffs' intestate that he could jerk said wire loose from the said Rogers and thereby effect a rescue of said Rogers; and that the attempted rescue was not rash or reckless."

Grounds 11 and 12 of defendant's demurrer to replication 2 are as follows:

"(11) It fails to aver that defendant was guilty of any negligence towards said plaintiffs' intestate."

"(12) It fails to aver that defendant was guilty of any negligence towards said Rogers."

Denson & Denson, of Opelika, J. Sanford Mullins, of Alexander City, and Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

Counts 9 and 10 were subject to demurrer. Charlie's Trf. Co. v. Malone, 159 Ala. 325, 48 So. 705; A. G. S. v. Cardwell, 171 Ala. 274, 55 So. 185; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804; Tenn. Coal, Iron & R. Co. v. Smith, 171 Ala. 271, 55 So. 170; Western R. of Ala. v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316; 38 Am. St. Rep. 179; Decatur Mfg. Co. v. Mehaffey, 128 Ala. 242, 29 So. 646; Louisville & N. R. Co. v. Quick, 125 Ala. 553, 28 So. 14; Golson v. Covington Mfg. Co., 205 Ala. 226, 87 So. 439. Permitting wires to remain down in the street was not the proximate cause of the injury of intestate. Ala. Power Co. v. Conine, 210 Ala. 320, 97 So. 791; Frauenthal v. Laclede Gaslight, 67 Mo. App. 1. Rogers

was injured while engaged in doing what his contract of employment required him to do, the risks of which he assumed, and defendant did not violate any duty owed him. Ala. Consol. Coal & Iron Co. v. Hammond, 156 Ala. 253, 47 So. 248; Walton v. T. C. I. R. Co., 166 Ala. 538, 52 So. 328; Mobile Electric Co. v. Sanges, 169 Ala. 341, 53 So. 176, Ann. Cas. 1912B, 461. If defendant is not chargeable with negligence with respect to' the person in danger, the rescuer cannot recover, unless defendant was guilty of negligence toward him after he began his attempt to rescue. Saylor v. Parsons, 122 Iowa, 679, 98 N. W. 500, 64 L. R. A. 542, 101 Am. St. Rep. 283; Pierce v. United Gas & Electric Co., 161 Cal. 176, 118 P. 700; Donahoe v. Wabash, St. L. & P. Ry. Co., 83 Mo. 560, 53 Am. Rep. 594; Thomason v. Southern Ry., 113 F. 80, 51 C. C. A. 67; Bracey v. N. W. Imp. Co., 41 Mont. 338, 109 P. 706, 137 Am. St. Rep. 738; Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684; Billingsley v. Ill. Cent. R. Co., 100 Miss. 612, 56 So. 790.

Jas. W. Strother, of Dadeville, and Barnes & Walker, of Opelika, for appellees.

The complaint was not subject to demurrer. Woodward Ir. Co. v. Herndon, 114 Ala. 191, 21 So. 430; Jones v. Strickland, 201 Ala. 138, 77 So. 562; Ala. Power Co. v. Conine, 207 Ala. 435, 93 So. 22; Decatur L. & P. Co. v. Newman, 179 Ala. 127, 59 So. 615; Mitchell v. Raleigh Elec. Co., 129 N. C. 166, 39 S. E. 801, 55 L. R. A. 398, 85 Am. St. Rep. 735; B. R., L. & P. Co. v. Cockrum, 179 Ala. 379, 60 So. 304; B. R., L. & P. Co. v. Canfield, 177 Ala. 427, 59 So. 217. Incurring danger in an effort to save life is not negligence. L. & N. v. Orr, 121 Ala. 489, 26 So. 35; Chicago & E. I. R. Co. v. Eganolf, 112 Ill. App. 323; K. C., M. & B. R. Co. v. Thornhill, 141 Ala. 215, 37 So. 412; Government St. R. Co. v. Hanlon, 53 Ala. 70; 19 A. L. R. 4, note. The question of contributory negligence was for the jury. Ala. Power Co. v. Conine, 210 Ala. 320, 97 So. 791; Bond v. B. & O. R. Co., 82 W. Va. 557, 96 S. E. 932, 5 A. L. R. 204. The antecedent negligence of the person rescued is not imputable to the rescuer. 5 A. L. R. 206.

ANDERSON, C. J. [1] This is the third appeal in this case. Ala. Power Co. v. Conine, 210 Ala. 320, 97 So. 791; Id., 207 Ala. 435, 93 So. 22. The present trial was under counts 1, 2, 9, and 10. Counts 1 and 2 charge negligence to the agents or servants of the defendant, without designating or naming said agent or servant. Counts 9 and 10, which seem to have been added by amendment after a good part of the evidence was taken, charge negligence to one J. M. Barry. Upon the first appeal, this court held that the defendant was entitled to the general charge as to Barry, as there was no proof of the agency of said Barry. The plaintiff upon the instant trial introduced answers to interrogatories previously propounded to the defendant, to the effect that Barry and not Rogers was in "charge of the management of the business of the defendant at Camp Hill on the 9th day of August, 1919." This may all be true, yet the fact stands out by the undisputed evidence that Rogers had the superintendence and supervision of the local plant at the time of his death, and had had for some time, and which fact is compatible with the general management of Barry, whose duties and authority may have extended to plants and territory other than Camp Hill. From aught appearing, his duties did not require his presence at Camp Hill all the time and there is nothing in the record to indicate that he had any reason to apprehend or anticipate the occurrence which resulted in causing the wires to become disconnected and fall to the street. It cannot be properly held that his absence from Camp Hill at the time was negligence, especially in view of the fact that Rogers, the local man, was left on the scene. Moreover, had Barry been in Camp Hill, he may not have anticipated the fire and damage to the wire, and may not have found out that the charged wire was down until after the death of Rogers and Conine. Counts 9 and 10 were not only subject to demurrer, but there was absolutely no proof of any actionable negligence against the defendant growing out of the conduct of Barry, and the defendant was entitled to the general charge as to these two counts.

[2, 3] As held by this court upon the second appeal (210 Ala. 320, 97 So. 791), it was a question for the jury as to whether or not Rogers was guilty of simple negligence which proximately caused the death of the intestate. We also held that it was a question for the jury as to whether Conine or Rogers seized the wire first, or whether they did so contemporaneously. It is insisted upon this appeal that the undisputed evidence shows that Rogers seized it first and was shocked, and staggering, and Conine seized it to rescue him and was conscious of the danger when doing so. We still think this was a question for the jury and that the testimony of Pepper is not such as to be entirely reconciled with those witnesses who testified positively that Conine did not seize the wire until after Rogers had hold of it and was staggering or falling. Pepper said:

"I was right close to Mr. Rogers and just a few feet from Mr. Conine. * * * The first thing that attracted my attention was Mr. Rogers made a noise, groaned or grunted or something, and I looked. That attracted my attention and he was staggering right near me, no more than 3½ feet and right at me. I could have reached him. And he just gradually toppled down. And I looked then back, just a few feet, I would say 15 or 20 feet,

and Mr. Conine was lying on his back. Mr. Rogers fell entirely to the ground. I did not see Mr. Conine on his back before Mr. Rogers fell to the ground. * * * After Mr. Rogers fell, it was just an instant before I saw Mr. Conine on the ground."

[4] True, the witness says that he did not see Conine until Rogers fell, but, if he instantly, upon Rogers falling, looked around and saw Conine lying on his back, the jury could infer that Conine fell first or contemporaneously with Rogers and that Conine either grabbed the wire first or about the same time that Rogers did. It was therefore a question for the jury as to whether or not Conine was conscious of the danger when he grabbed the wire, and was guilty of contributory negligence as set up in the defendant's plea A. There is another theory upon which the defendant was not entitled to the general charge under his plea A of contributory negligence, even if the plaintiffs' replication be discarded. Said plea charges that the intestate, with a knowledge of the danger, etc., seized the wire with his hand, meaning, of course, his bare or naked hand, and the proof shows that he grabbed the wire with a piece of paper, evidently thinking that it was a nonconductor, and would protect him. Therefore the jury could have inferred that he displayed ordinary prudence and was not conscious of the danger in grabbing the wire as he did.

[5] Defendant's special plea 3 was not proven beyond dispute; for, as above indicated, it was a question for the jury as to whether the intestate or Rogers grabbed the wire first or contemporaneously. Upon the second appeal in this case, we intimated that the replication 2 was not good as to special plea 3, but the warning seems not to have been heeded on the last trial. We now hold that said replication was subject to the defendant's grounds of demurrer 11 and 12, if not others.

[6, 7] It is unquestionably the law that one who sees a person in peril through the negligence of another cannot be charged with contributory negligence as matter of law in risking his own life in attempting to effect a rescue, provided the attempt is not recklessly nor rashly done. It is equally as well settled, however, that a rescuer is not relieved of contributory negligence, if the peril of the person sought to be rescued was produced by his negligence and the defendant was not guilty of negligence towards him. 20 R. C. L. §§ 108 and 109, p. 132; Wagner v. International R. Co., 232 N. Y. 176, 133 N. E. 437; 19 A. L. R. p. 1, and note; Say-

lor v. Parsons, 122 Iowa, 679, 98 N. W. 500, 64 L. R. A. 542, 101 Am. St. Rep. 283; Pierce v. United Gas Co., 161 Cal. 176, 118 P. 700; Donahoe v. Wabash Ry. Co., 83 Mo. 560, 53 Am. Rep. 594; Bracey v. Northwestern Co., 41 Mont. 338, 109 P. 706, 137 Am. St. Rep. 738.

The Alabama cases cited are not opposed to this rule. In the case of L. & N. R. Co. v. Orr, 121 Ala. 489, 26 So. 35, the court did not hold that the replication there was good, but that it was not subject to the ground of demurrer assigned. The court did lay down the general rule as to the right of a person to rescue another from peril, but did not hold that contributory negligence was not chargeable to him, if the peril was caused by the negligence of the party rescued instead of the defendant. In this case a child of tender years, incapable of negligence, was rescued, and which was the same in the case of Government St. R. Co. v. Hanlon, 53 Ala. 77, and in each of said cases negligence on the part of the defendant was presupposed, else there could not, of course, have been a recovery. The case of K. C., M. & B. R. Co. v. Thornhill, 141 Ala. 215, 37 So. 412, is in line with the present holding. There Thornhill was attempting to save the defendants' trainmen, who were not placed in peril by their own negligence, and which was charged to McAbee, a section foreman, and upon whose judgment Thornhill had a right to some extent to rely.

Applying the foregoing principle of law, it occurs to us that the issues upon the next trial can be greatly simplified, as the undisputed evidence shows that, if the defendant was guilty of negligence at all, it was entirely and solely through Rogers. Therefore, if the intestate was killed in an effort to save Rogers, and it was Rogers' negligence that caused his peril, then the plaintiff cannot recover. On the other hand, if the intestate seized the wire before or contemporaneously with Rogers, and not for the sole purpose of rescuing Rogers, it was a question for the jury as to whether or not the plaintiff could recover as for the negligence of Rogers in permitting the dangerous conditions, provided also the intestate was not guilty of contributory negligence, which was also a question for the jury.

For the errors heretofore pointed out the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.